UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAMANTHA GUTIERREZ, Individually and as Next Friend of L.B.T., J.R.T., and S.R.G., Minors,<br><br>              Plaintiff,<br><br>v.<br><br>C.R. ENGLAND, INC; C.R. ENGLAND TRUCKING, INC; and JOHN DOE<br><br>              Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-20-CA-206-FB (HJB) |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the motions for summary judgment (Docket Entries 90 and 91) filed by Defendants C.R. England, Inc., C.R. England Trucking, Inc. (hereinafter "C.R. England") and D.J. Henderson. Pretrial matters in this case have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 363(b). (*See* Docket Entry 23.) For the reasons set out below, I recommend that Defendants' motions for summary judgment (Docket Entries 90 and 91) be **GRANTED**.

**I.  Jurisdiction.**

Defendant removed this case to federal court, alleging jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Docket Entry 1.) I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II. Background.

Plaintiff's suit arises out of a car accident that occurred on October 9, 2018. Plaintiff was driving on Interstate Highway 10 with her three minor children in the car. (Docket Entry 92-5, at 5.) She was driving in the right lane; Defendant Henderson, operating an 18-wheeler on behalf of C.R. England, was driving in the left lane beside her. (Docket Entry 92-5, at 5; Docket Entry 92-3, at 7.) Without using his turn signal, Henderson moved into Plaintiff's lane and struck her vehicle. (Docket Entry 92-5, at 5–6.) Plaintiff attempted to inform Henderson that he had collided with her, but Henderson continued driving. (Docket Entry 92-3, at 11.)

Plaintiff originally filed suit in state court, alleging negligence, negligence *per se*, and gross negligence claims against Henderson and negligence, *respondeat superior*, and gross negligence claims against C.R. England. (Docket Entry 1.) Defendants removed the case to this Court, asserting diversity jurisdiction. (*Id.*) Defendants have now moved for summary judgment on some, but not all of Plaintiff's claims. (Docket Entries 90 & 91.) Plaintiff has responded to the motions (Docket Entry 92), and Defendants have replied (Docket Entry 93).

## III. Summary Judgment Standard.

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 if the record shows no genuine issue as to any material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A party against whom summary judgment is sought may not rest on the allegations or denials in his pleadings, but instead must come forward with sufficient evidence to demonstrate a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is "genuine," and therefore sufficient to overcome a summary judgment motion, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party "always bears the initial responsibility

of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted). "Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' to create a genuine issue of material fact sufficient to survive summary judgment." *Barrera v. MTC, Inc.*, No. SA-10-CV-665-XR, 2012 WL 1202296, at *2 (W.D. Tex. Apr. 10, 2012) (quoting *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004)).

IV. **Analysis.**

Defendants seeks summary judgement on Plaintiff's gross negligence claims; on her direct negligence claim against C.R. England; and on her *per se* negligence claims against Henderson. (*See* Docket Entries 90, 91.) Each set of claims will be addressed in turn.

A. *Plaintiff's Gross Negligence Claims.*

Plaintiff asserts claims for gross negligence against both C.R. England and Henderson. (Docket Entry 34, at 5, 7.) Under Texas law, gross negligence includes both an objective and a subjective element. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). To meet her burden, a plaintiff must prove by clear and convincing evidence that (1) when viewed objectively

3

from Defendants' standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *Id.* (citations omitted).

Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of serious injury. *U-Haul*, 380 S.W.3d at 137–38 (citations omitted). The subjective prong, in turn, requires that the defendant knew about the risk, and that the defendant's acts or omissions demonstrated indifference to the consequences of his acts. *Id.* (citations omitted). An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent. *Medina v. Zuniga*, 593 S.W.3d 238, 239 (Tex. 2019). For these reasons, a defendant cannot be liable for gross negligence when he actually and subjectively believed that circumstances pose no risk to the injured party, even if he was wrong. *U-Haul*, 380 S.W.3d at 141 (citation omitted); *see also Perez v. Arredondo.*, 452 S.W.3d 847, 854 (Tex. App.-San Antonio, 2014, no writ). A defendant's subjective mental state can be proven by direct or circumstantial evidence. *Id.* at 23.

### 1. *Defendant Henderson.*

Plaintiff alleges that Henderson's driving was negligent in the following ways: he made an unsafe lane change, he failed to signal his lane change, he was an inattentive driver, and he failed to pass to the right safely. (*See* Docket Entry 92, at 8–9; Docket Entry 92-5, at 5.)[1] As an objective matter, Henderson's alleged actions do not constitute the kind of "extreme risk" of serious injury necessary for a jury to find him grossly negligence. *See Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016). Acts which constitute garden-variety negligence, such

---

[1] Henderson was also using his cell phone as a hands-free device to make a personal phone call on the day, but seemingly not at the time, of the accident. (Docket Entry 92-3, at 8–9.)

4

as failure to obey traffic laws or act with ordinary prudence, do not support a finding of gross negligence merely because the driver is operating a large truck. *See id.* (collecting cases).

As to the subjective component, the evidence provided indicates that at most, Henderson failed to exercise sufficient caution out of "momentary thoughtlessness, inadvertence, or error in judgment," rather than engaging in the "continued or persistent course of action" that is necessary to make a showing of conscious indifference. *Rogers v. Blake*, 240 S.W.2d 1001, 1004 (1951); *see also Reeder v. Wood Cnty. Energy*, LLC, 395 S.W.3d 789, 796 (Tex. 2012) (same).

Plaintiff also asserts that Henderson was grossly negligent in driving away from the collision and failing to alert his employer. (Docket Entry 92, at 11–12.) However, gross negligence claims require a showing of causation, *see U-Haul*, 380 S.W.3d at 141, and Plaintiff cannot show how Henderson's actions after the collision caused or worsened her alleged injuries.

For all these reasons, Henderson is entitled to summary judgment on the gross negligence claim against him.

    2.    *C.R. England.*

The bases of Plaintiff's gross negligence claim against C.R. England seem to be as follows: hiring Henderson, who had no experience driving an 18-wheeler; failing to provide continuing education and training to drivers; fostering a "corporate culture of inattentive driving by allowing hands free cell phone use. . . while driving"; and negligently supervising Henderson. (Docket Entry 92, at 13–24.) None of these bases support Plaintiff's gross negligence claim.

Plaintiff argues that C.R. England gave Henderson only three weeks of training before he obtained his commercial driver's license and began driving his 18-wheeler. (Docket Entry 92-3, at 10.) At the time of the accident, however, Henderson had obtained a commercial driver's license and had been driving his 18-wheeler for about a year. (Docket Entry 92-2; Docket Entry 92-3, at

5

5.) Plaintiff does not provide any evidence as to which specific aspects of Henderson's training were deficient. (Docket Entry 92-4, at 6.) Prior to working for C.R. England, Henderson was a licensed driver, and Plaintiff has not alleged or provided evidence of any history of accidents or recklessness. (*See* Docket Entry 34, at 3–7.) Without additional evidence or case law to support her position, Plaintiff has not raised a genuine issue that C.R. England's decision to hire Henderson was an act of gross negligence.

As to C.R. England's failure to provide continuing training, Plaintiff's claim has little if any relevance to the accident that allegedly caused her injuries. An "employer has no duty to . . . instruct an employee 'with regard to dangers that are ordinarily incident to driving a vehicle and require no special skills or knowledge other than that expected of all licensed drivers.'" *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 413 (Tex. 2009) (quoting *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). Changing lanes is such a skill; Plaintiff does not show how any failure to provide continuing training on this skill could be grossly negligent. Plaintiff also claims that C.R. England was grossly negligent in promoting hands free cell phone use, in failing to administer drug tests, and otherwise in failing to make sure drivers knew their delivery routes and meet with supervisors. (Docket Entry 92, at 16–18.) However, Plaintiff has provided no evidence that cell-phone usage, drugs or alcohol, or being lost on a delivery route somehow led Henderson to cause the claimed collision and resulting injuries. This, whether C.R. England's allegedly improper management could give rise to a gross negligence claim in another case, Plaintiff has failed to show the relevance of these allegations to the collision at hand. Therefore, C.R. England is entitled to summary judgment on Plaintiff's gross negligence claim.

**B.** *Plaintiff's Direct Negligence Claims Against C. R. England.*

In her complaint, Plaintiff alleges both "Respondeat Superior/Negligence" claims and direct claims for "Negligent Hiring/Retention/Training/Entrustment" claims against Defendant C. R. England. (Docket Entry 34, at 5–6.) Under Texas law, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). This is the theory of *respondeat superior*. *See id.* C.R. England does not dispute that Henderson was acting within the course and scope of his employment when the collision occurred. (Docket Entry 91, at 4–5.) Instead, it argues that, because it has conceded vicarious liability for any negligence committed by Henderson, it cannot be held liable for any direct negligence claims arising from its own actions. (*See id.*)

In this case, where no direct gross negligence claims remain against C.R. England, direct and vicarious liability are "mutually exclusive modes of recovery." *Fuller v. Werner Enters., Inc.*, 3:16-CV-2958-BK, 2018 WL 3548886, at *2 (N.D. Tex. July 24, 2018); *Sanchez v. Transportes Internacionales Tamaulipecos S.A de C.V*, 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017). Accordingly, if a jury were to conclude that Henderson was negligent and that his negligence proximately caused Plaintiff's injuries, C.R. England would bear vicarious liability for his negligence regardless of any inadequacy in its hiring, training, supervision, or retention of him as an employee. Because C.R. England has conceded vicarious liability for any negligence on Henderson's part, it is entitled to summary judgment on Plaintiff's negligent hiring, negligent retention, negligent training, and negligent entrustment claims.

### C. *Plaintiff's Negligence* Per Se *Claim Against Henderson.*

Plaintiff brings a "negligence/negligence per se" claim against Henderson, alleging violations of several provisions of the Texas Transportation Code. (Docket Entry 34, at 3–4.) Defendants seek to dismiss the *per se* claims; Plaintiff did not respond to this argument in her briefing. (*See* Docket Entry 91, at 3–4; Docket Entry 92.)

Under Texas law, "[n]egligence per se applies when the courts have determined that the violation of a particular statute is negligence as a matter of law." *Trevarthen v. U.S. Bank Nat'l Ass'n*, No. A-13-CA-154-SS, 2013 WL 12099974, at *3 (W.D. Tex. Apr. 29, 2013) (citation omitted), *aff'd*, 551 F. App'x 148 (5th Cir. 2014). "The threshold questions in every negligence per se case involving a penal statute are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent." *Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 162 (Tex. App.—Eastland, 2010). "If a plaintiff satisfies these threshold questions, the court must determine whether it is appropriate to impose negligence per se liability for violations of the statute." *Id.*

Texas courts have held that "[w]here a statute incorporates the ordinarily prudent person standard, negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. *Powell v. Keeley*, 795 F. Supp. 2d 587, 593 (S.D. Tex. 2011) (quoting *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.—Texarkana 2002, pet. denied)). Violations of the Texas Transportation Code sections cited by Plaintiff incorporate the prudent person standard; for this reason, they are not among the class of claims to which negligence *per se* applies. *See id.* at 593–94. Indeed, Plaintiff's failure to address this claim seems to concede as much. Defendants are entitled to summary judgment on Plaintiff's negligence *per se* claim.

8

## V. Recommendation.

For the reasons set out above, I recommend that Defendants' motions for summary judgment (Docket Entries 90 & 91) be **GRANTED**. Plaintiff's gross negligence claims, her direct negligence claim against C.R. England, and her per se negligence claim against Henderson, should be dismissed. Her case should go forward on her remaining claims.

## VI. Instruction for Service and Notice for Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

9

the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    **SIGNED** on October 15, 2021.

_____<br>
Henry J. Bemporad<br>
United States Magistrate Judge